## Kurelko v. Great American Indemnity Co.

*Philip E. Brockway,* for plaintiff.
*William J. Joyce,* for defendant.

McKay, J., January 25, 1957.—In this action to recover upon a disability insurance policy, there are before the court for determination two sets of preliminary objections. The first, filed April 25, 1955, challenged the legality of the service of the complaint and also objected that the complaint did not allege whether the agreement was in writing or verbal and did not contain a copy of the policy of insurance or material parts thereof.

Upon the filing of the first preliminary objections, plaintiff mailed a copy of the insurance contract sued upon to the prothonotary with instructions that he attach the copy to the complaint previously filed. The complaint, however, was never amended to allege that the copy filed was a true and correct copy of the original policy. At the argument plaintiff was given leave to amend his complaint to so allege but no amendment has as yet been filed.

Subsequent to the filing of the first preliminary objections, plaintiff, on May 11, 1955, presented a petition to the court setting forth that no certificate of authority had been issued to defendant company by the Department of State of Pennsylvania and that defendant is an insurance company engaged in the selling of various types of insurance policies, and praying the court to authorize service of the complaint previously filed upon the Secretary of the Commonwealth. The court, without considering the propriety of the procedure being followed, granted the petition and the complaint was thereupon served on June 9, 1955, upon the Secretary of the Commonwealth and, through him, upon defendant as ordered.

Thereafter, on June 25, 1955, defendant filed the second preliminary objections alleging that the order of court authorizing service upon the Secretary of the Commonwealth was unwarranted and the service of the complaint made thereunder was void, inasmuch as the only valid service of process upon a foreign insurance company is that which is made upon the insurance commission. A further objection was that the record does not show that the complaint was reinstated by plaintiff at the time of the attempted service notwithstanding more than 30 days since its original filing had elapsed.

Plaintiff's counsel also stated at the argument that he attempted to serve the complaint in the first instance upon the insurance commissioner, but that that officer then informed him that defendant company was not registered in his office and that for this reason the commissioner could not "accept service of the complaint". Defendant's counsel states that, in fact, defendant company is registered in the office of the insurance commissioner. No allegation as to such registration or lack of registration appears in the petition for leave to serve the Secretary of the Commonwealth or in any other paper of record.

The first question raised by the objections is whether the complaint is insufficient in failing to contain a copy of the insurance policy or material parts thereof. As originally filed, it was deficient in this respect. Since that time, however, plaintiff has attached a copy of the policy to the filed complaint and has asked for and obtained leave to amend his complaint so as to allege that the copy filed is a true and correct copy of the original policy. That objection should, therefore, be dismissed.

The more important question raised by the preliminary objections is whether the service of the complaint

was properly made upon the Secretary of the Commonwealth in view of the fact that defendant is a foreign insurance company.

The statutory agent authorized by law to receive service of process on behalf of a foreign insurance company is the insurance commissioner: The Insurance Department Act of May 17, 1921, P. L. 789, as amended by the Act of April 27, 1927, P. L. 476, sec. 2, 40 PS §48.

The Pennsylvania Rules of Civil Procedure provide that service of process can be made upon a corporation or similar entity, in the following manner:

"Rule 2180(a)

"(3) . . . . by delivering an attested or certified copy thereof in the manner provided by law to a statutory agent authorized to receive service of process."

Since the insurance commissioner is the statutory agent of a foreign corporation, it follows that the proper method of serving defendant corporation was to serve it upon the insurance commissioner.

Plaintiff presented his petition pursuant to rule 2180(c) which provides:

"If service cannot be made under any of the methods set forth in subdivision (a) or (b) of this rule, the court upon petition shall authorize service by registered mail directed to the Secretary of the Commonwealth and to the corporation or similar entity at its last registered address or principal place of business, or by publication as the court may direct."

The above rule implies, however, that if service can be made under any of the methods previously set forth in rule 2108(a) or (b) (in this case by delivering a true and attested copy to the statutory agent authorized to receive service of process), service upon the Secretary of the Commonwealth pursuant to order of court is not proper.

Plaintiff contends that under the Business Corporation Law of May 5, 1933, P. L. 364, sec. 1011, as amended, 15 PS §2852-1011, the Secretary of the Commonwealth is the statutory agent for service of process upon a foreign corporation. However, the Business Corporation Law specifically excludes from its provisions insurance companies. Section 4 of the act provides:

"This act does not relate to, does not affect, and does not apply to: . . . (3) Any corporation which, by the laws of this Commonwealth, is subject to the supervision of the . . . Insurance Department . . .": 15 PS §2852-4.

Since article X of the act deals with foreign business corporations, it is clear that foreign insurance companies are not within the scope of the Business Corporation Law.

Plaintiff states that defendant company is not authorized to do business in Pennsylvania and contends that, for this reason, the insurance commissioner is not the statutory agent for service of process on it.

This position is dispelled by reference to Unauthorized Insurers Process Act of May 20, 1949, P. L. 1491, sec. 2, 40 PS §1005.2, which provides that any of the specified acts in Pennsylvania by an authorized insurer of another State "is equivalent to and shall constitute an appointment by such insurer of the Insurance Commissioner and his successor or successors in office to be its true and lawful attorney upon whom may be served all lawful process in any action, suit or proceeding instituted by or on behalf of an insured or beneficiary arising out of any such contract of insurance, and any such act shall be signification of its agreement that such service of process is of the same legal force and validity as personal service of process in this State upon such insurer."

Therefore, whether defendant was registered or not, the service should have been made upon the insurance commissioner and having been made upon the Secretary of the Commonwealth, the service is void. Since there is no statutory authority for the order of court directing service upon the Secretary of the Commonwealth, the fact that the court upon petition ordered such service to be made does not render it valid.

The fifth preliminary objection filed June 25, 1955, complains that it is not apparent of record that the complaint, which was originally filed on April 1, 1955, was reinstated by plaintiff before he attempted to serve the Secretary of the Commonwealth and defendant company by registered mail. In our opinion, this objection is valid.

Pennsylvania Rule of Civil Procedure 1010(*a*) provides that the prothonotary, after 30 days, shall continue the validity of a complaint by reinstating it and writing the word "reinstated" upon it. Goodrich- Amram Civil Practice, commenting upon rule 1010(*d*)-1, states:

"The 30-day life of the process is definitely fixed. If it is not served within that period, it normally expires and cannot be served thereafter. Reissuance or reinstatement is essential . . ."

"Service by the sheriff of an expired process is a nullity, unless the defendant waives the defective process and submits himself to the jurisdiction by some form or voluntary and unconditional appearance."

We conclude that preliminary objection 4, filed June 25, 1955, should be sustained and the service of the complaint upon defendant be held void.

Further, before proceeding to obtain service of the complaint through the insurance commissioner, plaintiff should first amend his complaint by filing an amendment thereto wherein he avers that the copy

of the agreement which has been informally attached to the original complaint is a true and correct copy of the original insurance contract upon which he relies and, before serving the complaint, he should first cause it to be reinstated.

### Order

Now, January 25, 1957, defendant's preliminary objection 4, filed June 25, 1955, is sustained and the service upon defendant of plaintiff's complaint is stricken from the record, without prejudice to the right of plaintiff to reinstate and serve the complaint in the manner provided by the procedural rules.